UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DINO ANTOLINI,

                                         Index No.:1:19-CV-7385

                  Plaintiff,

     - against -                     **ANSWER WITH COUNTERCLAIM**


N CORPORATION, NICHOLAS S. PRITZKER,
SHIYANG HUI and TIPSY SHANGHAI
RESTAURANT MANAGEMENT INC.,

                  Defendants.
-------------------------------------------------------------------x


      Defendants, N CORPORATION, SHIYANG HUI and TIPSY SHANGHAI RESTAURANT MANAGEMENT INC, by and through their attorney, YINGHUI HE,PC answer Plaintiff's complaint as follows:

1. Defendants deny the allegations contained in Paragraphs 1,2,4 of the complaint.

2. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5, 6, 7, 9 and 10 of the complaint.

3. Defendants admit the information contained in Paragraphs 8, 11 and 12 of the complaint.

4. Defendants deny the allegations contained in Paragraphs 13, 17 through 22 of the complaint.

5. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14 through 16 and 23 of the complaint.

6. Defendant deny the allegations contained in Paragraphs 24 through 28 of the complaint.

7.  Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 29 and 30 of the complaint.

1

## ANSWERING THE FIRST CAUSE OF ACTION

8.  Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the complaint.

9. Defendants admit the information contained in Paragraphs 33, 34 of the complaint.

10. Defendants deny the allegation contained in Paragraph 35 of the complaint. The Defendants have made alterations regarding to both the entrance and the restroom for purpose of providing full and equal opportunity to use the place of public accommodation for the disabled.

11. Defendants deny the allegation contained in Paragraph 37 of the complaint as the Defendants have constructed alterations without discrimination to the Plaintiff.

12. Defendants deny the allegations contained in Paragraphs 38, 39 of the complaint. Reasonable modifications to make the place accessible shall be made unless such modifications would fundamentally alter the nature of the facilities. 42 U.S.C. § 12182 (b)(2)(A)(ii). Defendants' building is a landmark building.  Modifications would fundamentally destroy the value of the landmark building. Any alternations in such building shall only be taken to the maximum extent feasible. Defendants have made alterations to their maximum extent feasible, including installation of doorbell for ADA assistance outside entrance railing on street level and a handicap toilet in a private room *(see Exhibit A and B )*without causing destructive effects on the landmark, in compliance with 28 C.F.R. § 36.405 (a). *In Garthright-Dietrich v. Atlanta Landmarks, Inc*.,the installations oextra wheelchair restrooms, wheelchair elevator and other wheelchair services were considered to be made to the maximum extent feasible. *Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1271 (2006).*

13.   Defendants deny the allegations contained in Paragraph 40 of the complaint. The defendants have installed a wheelchair doorbell at the entrance for the disabled and have provided service to help the disabled travel to the primary function areas inside.

14. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 41 of the complaint.

15.   Defendants deny the allegation contained in Paragraph 42 of the complaint. It is not feasible to make the place of public accommodation fully accessible if it would destroy great historic values of the landmark building. Under such circumstance the alterations to the entrance shall only comply with the requirement of  "to the maximum extent feasible". *Speciner v. NationsBank, N.A., 215 F. Supp. 2d 622, 629 (2002)*.

16. Defendants deny the allegations contained in Paragraphs 43 through 45 and 47 through 48 of the complaint. If removal of barriers is demonstrated not readily achievable, alternative methods that are readily achievable shall be taken. 42 U.S.C. § 12182 (b)(2)(A)(iv). The Defendants have taken alternative methods including installation of  a wheelchair doorbell at the entrance and a handicap toilet in a private room for the disabled as fully removal of barriers would not be readily achievable. No discriminations are imposed on the plaintiff.

**ANSWERING THE SECOND CAUSE OF ACTION**

17. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 50 of the complaint.

18. Defendants deny the allegations contained in Paragraphs 51 through 52 of the complaint. The Defendant has provided wheelchair services including a wheelchair

doorbell and a handicap toilet in a private room for purpose of fair and equal treatment for the disabled.

19. Defendants deny the allegations contained in Paragraphs 53 through 56 of the complaint. Reasonable modifications to make the place accessible shall be made unless such modifications would fundamentally alter the nature of the facilities. Executive Law § 296 (2)(c)(i). Defendants' building is a landmark building. Huge modifications would fundamentally destroy the value of the landmark building. Removal of barriers to access are also not readily achievable as it would be costly and difficult to preserve historic significance of the landmark building at the same time within the meaning of Executive Law § 296 (2)(d)(i). Alternatives have been made to the extent possible to provide sufficient services to the disabled in accordance to Executive Law § 296(2)(c)(iv).

20. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 57 and 58 of the complaint.

**ANSWERING THE THIRD CAUSE OF ACTION**

21. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 60, 61 and 74 of the complaint.

22. Defendants deny the allegations contained in Paragraphs 62 through 73 of the complaint. Due to significant historic values of Defendants' landmark building, the Defendants could not completely remove barriers and have instead taken alternatives such as installing a wheelchair doorbell for immediate help and a handicap toilet in a private room, providing the disabled with equal opportunity to have full enjoyment inside the place of public accommodation, in accordance with the Administrative Code § 8-107 (4).

### ANSWERING THE FOURTH CAUSE OF ACTION

23. Defendants deny the allegations contained in Paragraphs 76 through 78 of the complaint. The Defendants have installed a wheelchair doorbell at the entrance so that the disabled could be helped to get inside of the building. Defendants have prepared a handicap toilet in a private room for the disabled. The Defendants have no discrimination against Plaintiff within any meaning of Civil Rights Law § 40-c.

### ANSWERING THE FIFTH CAUSE OF ACTION

24. Defendants admit the allegation contained in Paragraph 81 of the complaint.

25. Defendants deny the allegations contained in Paragraphs 80, 82 through 85 of the complaint. The Defendants have noticed that it would be inconvenient for the disabled to gain access inside and has taken any feasible measures to reduce such inconvenience. Such measures include a wheelchair doorbell at the entrance for immediate aids and a a handicap toilet in a private room. The duty of care has been well fulfilled by the Defendants.

26. Defendants deny the relief contained in Paragraphs 86 through 89 of the complaint.

### AFFIRMATIVE DEFENSE WITH COUNTER CLAIM

27. Upon information and belief, the Defendants' place of public accommodation is of great landmark significance and fully removal of barriers is not readily achievable.

28. Alternatively, the Defendants have installed a wheelchair doorbell on the entrance railing at the street level and provided a handicap toilet in a private room, to the maximum extent feasible.

29. Therefore, the Defendants have fulfilled their obligations in accordance with ADA, Executive Law, Administrative Code, Civil Rights Law and common law. No discriminations are imposed on the Plaintiff.

30. Defendants have explained to the Plaintiff's attorney that the building is a landmark building and have taken certain remedies for the disabled. Defendants have requested for withdrawal of the case to avoid any further damages. However, the Plaintiff's attorney demanded $20,000 dollars for settlement, which could be considered as an act of extortion. Defendants have retained their attorney to defend this frivolous action which has caused Defendants further damages.

WHEREFORE, Defendants request this Court

1. Dismiss the Plaintiff's complaint in its entirety; and

2. Award the Defendants such other and further relief including but not limited to the attorney fees as the Court deems just and proper.

Dated:  New York, New York
September 12, 2019

LAW OFFICE OF YINGHUI HE, P.C.


By:   /yinghuihe/
Yinghui He, Esq.
LAW OFFICE OF YINGHUIHE, P.C.
Attorneys for Defendant
139 Centre Street, PH111
New York, NY 10013
Tel:  (212)226-4481

To: FINKELSTEIN LAW GOUP, PLLC
Attn: Stuart H. Finkelstein, Esq.
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, NY 11791
(718)-261-4900

# Exhibit A





# Exhibit B





Index No.: 1:19-CV-7385

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DINO ANTOLINI

                                                              Plaintiff,

                    -against-

N CORPORATION, NICHOLAS S. PRITZKER,
SHIYANG HUI and TIPSY SHANGHAI
RESTAURANT MANAGEMENT INC.,

                                                              Defendants.

## ANSWER WITH COUNTERCLAIM

YINGHUI HE, P.C.
Attorney for Defendant

By:  _____
        YINGHUI HE, Esq.
         139 Centre Street, PH111
        New York, NY 10013
           (212) 226-4481

To:   FINKELSTEIN LAW GOUP, PLLC
       Attn: Stuart H. Finkelstein, Esq.
       Attorney for Plaintiff
       338 Jericho Turnpike
       Syosset, NY 11791
       (718)-261-4900

Certification pursuant to 130-1.1a of the Rules of the Chief Administrator (22NYCRR)