STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

May 21st, 2020

The Honorable Katherine Polk Failla
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square - Courtroom 618
New York, New York 10007

> Re: Antolin vs. N Corporation et al
> Case No.: 1:19-cv-07385 KPF

Dear Judge Failla,

I represent Plaintiff Dino Antolini in this matter and further to your Order of May 15, 2020, respond as follows.

<u>Defendant N Corporation</u>

Defendant N Corporation is the owner of the building in which the defendants' Shiyang Hui and Tipsy Shanghai Restaurant Management Inc. are tenants operating a restaurant. Pursuant to law, all defendants are responsible and liable for complying with the Americans With Disabilities Act.

Defendant N Corporation was served with Discovery Requests on September 14, 2019. The Requests were as follows:

1. Request for the Production of Documents, Plaintiff's Request for Production pursuant to Rule 26 (a)(2), Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Fact and Expert Witness Interrogatories.

To date, some eight months later, we have received absolutely no financial responses to our requests from this defendant. The responses to these requests are unconditionally and categorically essential to this lawsuit. The Requests were as follows:

   a. All Federal income tax returns, including all schedules thereto, filed by Defendant for each of the past three years; 2) All financial statements of the Defendant prepared within the past three years; 3) All mortgages, and the promissory notes secured thereby, encumbering the Property or any businesses operated at the Property; 4) Profit and loss statements for the Defendant for the past three years; 5) All applications made by the Defendant to any lender, or potential lender, within the past three years; 6) All documents showing the operating expenses of the Property.

<u>Defendants Shiyang Hui and Tipsy Shanghai Restaurant Management Inc.</u>

The financial responses for these defendants, who own and operate the restaurant, submitted income tax returns as follows:

1. Shiyang Hui – submitted (1) His 2016 individual income tax return (worthless as the restaurant did not sign its lease until September of 2017) and (2) His 2018 individual income tax return indicating a taxable income of $4,481.00.

2. Tipsy Shanghai Restaurant Management Inc. – submitted their 2017 corporation tax return indicating an operating *loss* of $31,633.00, after gross receipts of $318,000.06. Moreover, they did not provide their income tax returns for 2019. Also, this defendant submitted documents that they employ four full time employees and ten part time employees, yet they did not provide any financial records for the part time employees.

In addition, these defendants responded as follows:

a. All mortgages, and the promissory notes secured thereby, encumbering the Property or any businesses operated at the Property. <u>Response:</u> *Not applicable*

b. The cash receipts and cash disbursements journal for Defendants for the past three years. <u>Response:</u> *Not applicable*

c. Profit and loss statements for the Defendants for the past three years. <u>Response</u>: Defendant Hui submitted a Citibank two-page document for the period January 1 - January 31, 2019 indicating a balance of $1,068.81. This completely devoid of a legitimate response; defendant Tipsy Shanghai Restaurant submitted nothing.

The defendants' lease indicates a monthly payment beginning in September of 2017 of Eighteen Thousand dollars ($18,000.00), with increases to Nineteen Thousand and ninety-six dollars) ($19,096.20) in January of 2019 (this case was filed in August of 2019). For this year, 2020, the monthly rent is Nineteen Thousand six hundred sixty-nine dollars ($19,669.09).

The irreconcilable and deceitful financial responses of incompleteness as well as the complete omission of responses necessitates the missing cash income information, the Profit & Loss information as well as the other missing information regarding the financial 'makeup' of this business.

---

In <u>Kreisler v. Second Ave. Diner Corp.</u>, 2012 U.S. Dist. LEXIS 129298 at *20, 2012 WL 3961304 (S.D.N.Y. 2012), affd, 731 F.3d 184 (2d Cir. 2013) (<u>quoting Roberts v. Royal Atl. Corp.</u>, 542 F.3d 363, 373 (2d Cir. 2008), the court held "the only question is whether removal of those barriers is "readily achievable." Under the ADA, "'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Factors to be considered when determining if a modification is readily achievable include: (1) the nature and costs of needed changes; **(2) the financial resources of the facility, number of employees, effect on expenses and resources, and other impact on the facility; (3) the financial resources and size of the defendant; and (4) the type of operations at the facility and relationship between the facility and the defendant."** Id.

Every single one of Plaintiff's Requests go to the financial status of the Facility dovetailing right to the very factors of 'readily achievable.' The <u>Kreisler</u> Court went on to hold "In order to make prima facie showing that removal is readily achievable, a plaintiff must "articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.' <u>Roberts,</u> 542 F.3d at 373 (quoting <u>Borkowski v. Valley Cent. Sch. Dist.</u>, 63 F.3d 131, 138 (2d Cir.1995)). "Neither the estimates nor the proposal are required to be exact or detailed, for the defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed the benefits." <u>Roberts</u>, 542 F.3d at 373. Requiring great detail "asks too much of the typical plaintiff, particularly where defendants can so quickly dispose of non-meritorious **claims by reference to their knowledge and information regarding their own facilities."** The Court went on to note that once the Plaintiff meets its burden, the burden shifts to the defendant to "establish that the costs of a plaintiff's proposal would in fact exceed the benefits."

It is Plaintiff's burden, at trial, to prove that the repairs/modifications are readily achievable and defendants have obstructed the course of litigation in this case from its commencement.

Thanking the Court, I remain,

Very truly yours,

Stuart H. Finkelstein

To all Counsel of record via ECF