UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINO ANTOLINI,

                Plaintiff,

              -v.-

N COPORATION, NICHOLAS S. PRITZKER,
SHIYANG HUI, and TIPSY SHANGHAI
RESTAURANT MANAGEMENT, INC.,

                Defendants.

19 Civ. 7385 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    By Order dated March 27, 2020, the Court imposed sanctions against Defendants for their repeated failures to abide by the Court's discovery orders. (Dkt. #39). The Court granted sanctions in the form of requiring Defendants to pay the attorneys' fees that Plaintiff's counsel had billed in connection with each of Plaintiff's letter motions for sanctions, and ordered Plaintiff to file an accounting of hours billed. (*Id.*). Plaintiff submitted his first application for attorneys' fees on April 24, 2020. (Dkt. #42). Defendants submitted an opposition on May 4, 2020 (Dkt. #46), and Plaintiff replied to defendants' opposition on May 21, 2020 (Dkt. #50). In Plaintiff's May 21, 2020 reply, Plaintiff highlighted key discovery that Defendants continued to withhold from Plaintiff, including nearly all discovery from defendant N Corporation. (Dkt. #50). In fact, over the course of two status conferences with the Court — the first on May 26, 2020, and the second on June 3, 2020 — it became clear that counsel for Defendants, Mr. Oliver Zhou, (i) never communicated with any representative from N Corporation about his purported representation of

N Corporation in this matter and (ii) never communicated with N Corporation about complying with N Corporation's discovery obligations, despite representing to the Court and to Plaintiff that he served as counsel for N Corporation and that he was complying with (or attempting to comply with) N Corporation's discovery obligations.  (*See* Minute Entry for June 3, 2020; *see also* Dkt. #53).  Thus, on June 5, 2020, Plaintiff requested leave to supplement his application for attorneys' fees due to Defendants' continued failure to obey the Court's discovery orders (Dkt. #51), which request the Court granted on June 23, 2020 (Dkt. #54).  On June 26, 2020, Plaintiff submitted a supplemental accounting of attorneys' fees.  (Dkt. #57).  Defendants did not file an opposition by the July 20, 2020 deadline.  However, new counsel for Defendants appeared on July 9, 2020, and on July 27, 2020, Defendants' new counsel requested an extension of time to file an opposition to Plaintiff's supplemental accounting.  (Dkt. #61).  The Court granted Defendants' request for an extension on July 28, 2020 (Dkt. #62), and Defendants filed their opposition on August 7, 2020 (Dkt. #65).

      The Court has already made the requisite factual findings and imposed sanctions in the form of attorneys' fees against Defendants for Defendants' failure to obey the Court's discovery orders.  (Dkt. #39).  Now, the Court further finds that the conduct that gave rise to the sanctions imposed against Defendants is due almost entirely to Mr. Zhou's bad faith conduct: specifically, his misrepresentation to the Court and Plaintiff that he represented N Corporation from the time he appeared as counsel in this case on

January 28, 2020 (*see* Minute Entry dated January 28, 2020), until his motion to withdraw dated June 17, 2020 (*see* Dkt. #52; *see also* Minute Entry dated June 3, 2020). Therefore, the Court believes that the sanctions previously entered against Defendants should be borne principally, if not exclusively, by Mr. Zhou. The Second Circuit has explained that, "under basic principles of due process":

> [a]n attorney whom the court proposes to sanction must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges.

*Wilson* v. *Citigroup, N.A.*, 702 F.3d 720, 725 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Sakon* v. *Andreo*, 119 F.3d 109, 114 (2d Cir.1997)). In this Order, the Court therefore provides Mr. Zhou with "the specific notice" required and authorizes Mr. Zhou to be heard on the matter. *Id.*

The Court has "inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct." *Sussman* v. *Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995); *see also* 28 U.S.C. § 1927 ("Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Generally speaking, "[i]mposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith," and such sanctions "are appropriate only if there is clear

evidence that the conduct at issue is [i] entirely without color and [ii] motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc.* v. *Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *but see United States* v. *Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) ("[T]he inherent power of the district court also includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith."). Similarly, before imposing sanctions under 28 U.S.C. § 1927, a court "must find clear evidence that [i] the offending party's claims were entirely meritless and [ii] the party acted for improper purposes." *Revson* v. *Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (internal quotation mark omitted) (quoting *Agee* v. *Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)); *see generally Sorenson* v. *Wolfson*, 683 F. App'x 33, 37 (2d Cir. 2017) (summary order) (discussing sanctions imposed under the inherent powers doctrine and 28 U.S.C. § 1927).

The root cause of Defendants' repeated failure to comply with the Court's discovery orders is Mr. Zhou's bad faith misrepresentations to the Court that : (i) he represented N Corporation; (ii) he was in contact with N Corporation in the course of his purported representation of that party; and (iii) he was diligently working with representatives from N Corporation to comply with N Corporation's discovery obligations. These misrepresentations prevented Plaintiff from getting discovery from N Corporation; caused Defendants to

4

violate multiple discovery orders issued by this Court; caused Plaintiffs to seek sanctions; and are ultimately to blame for N Corporation's failure to comply with the Court's discovery orders to this day.

Specifically, over the course of nearly five months, Mr. Zhou continued, baselessly, to hold himself out as N Corporation's counsel despite having no communication with any N Corporation agent, receiving no documents or other discovery from N Corporation, and failing to investigate or confirm whether he in fact represented N Corporation. Indeed, it strains credulity to believe that Mr. Zhou could claim in good faith to represent a client for nearly five months without ever speaking to the client, especially during active discovery. Even worse, Mr. Zhou's continued assertions to the Court and Plaintiff that he was in contact with officials from N Corporation to produce discovery — in response to multiple discovery orders from this Court — were plainly in bad faith given that Mr. Zhou had not, at any point, spoken to any agent of N Corporation about discovery or any other issue. Furthermore, Mr. Zhou's five-month-long misrepresentation greatly disrupted this case, delaying discovery for several months and forcing the Court and the parties to waste time and resources on motions to compel discovery and to impose sanctions.

In his motion to withdraw, Mr. Zhou belatedly claimed that he believed that he represented N Corporation because Defendant Shiyang Hui "insisted that [Mr. Zhou] represent him, Tipsy Shanghai and N Corp as a tying package while refusing to pay the legal fees." (Dkt. #53 at 1). Even if it were true that Mr. Zhou initially believed that he represented N Corporation, Mr. Zhou's

persistence in this misrepresentation for nearly five months would still amount to bad faith, because even after he was repeatedly ordered to produce discovery on behalf of N Corporation, he still failed to contact N Corporation, much less confirm that he represented N Corporation or that N Corporation was going to produce documents to comply with the Court's discovery orders. *Cf. Zubulake* v. *UBS Warburg LLC*, 229 F.R.D. 422, 424 (S.D.N.Y. 2004) ("Lawyers and their clients need to communicate clearly and effectively with one another to ensure that litigation proceeds efficiently. When communication between counsel and client breaks down, conversation becomes 'just crossfire,' and there are usually casualties." (citation omitted)).

    As set forth above, the Court believes there is sufficient basis to impose sanctions against Defendants' former counsel, Oliver Zhou, in the form of attorneys' fees incurred by Plaintiff's counsel in connection with each of Plaintiff's letter motions for sanctions, up until June 17, 2020, when Mr. Zhou corrected his prior misrepresentation to the Court. (Dkt. #52, 53). In order to give Mr. Zhou an opportunity to be heard on the matter, Mr. Zhou may file a response not to exceed ten pages, on or by September 9, 2020. Plaintiff may file a reply not to exceed five pages, by September 23, 2020.

    SO ORDERED.

Dated:    August 28, 2020
             New York, New York

                                                KATHERINE POLK FAILLA
                                                United States District Judge