**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DINO ANTOLINI,                                    Hon. Katherine Polk Failla

                Plaintiff,

      -against-                    Case No. 1:19-cv-7385
                                        **RESPONSE TO JUDGE FAILLA'S**
                                        **ORDER OF 8/28/2020**

N CORPORATION, NICHOLAS S. PRITZKER,
SHIYANG HUI and TIPSY SHANGHAI
RESTAURANT MANAGEMENT INC.,

                Defendants.
-----------------------------------------------------------X

     Oliver Zhou, former attorney for defendants Tipsy Shanghai Restaurant Management Inc., and its owner Shiyang Hui, (hereinafter "Tipsy Defendants"), affirms the following in response to the order issued by Hon. Katherine Polk Failla on August 28, 2020 regarding the sanction in connection with the above captioned matter:

1.     I am the second attorney of record in this matter when I was retained by Mr. Shiyang Hui, the individual defendant herein. I was asked by Mr. Hui to represent Tipsy Shanghai, Mr. Hui and N Corporation, the alleged landlord in this matter. Mr. Hui told me that he was the corporate representative of Tipsy Shanghai and N Corporation, and the lease he signed with the landlord required that he need to deal with all the ADA litigation cases, if any. His then attorney, Ms. Yinghui He also represented Tipsy Shanghai, N Corporation and himself. I need to continue to represent these three defendants, as my prior attorney Ms. Yinghui He did. Therefore, I inherited this case from my prior attorney Ms. He in this case to represent these three parties, including N Corporation.

2.     In the first hearing after I took over, I stated to the court that I was not sure whether I could represent the alleged landlord N Corporation even though Mr. Hui asked me to represent Tipsy Shanghai and N Corporation as he claimed he was the corporate representative of both

Tipsy Shanghai and N Corporation. However, your honor stated that I could continue my representation of the landlord at that time, and you could entertain that issue later if the conflict of interest arises at some point down the road, if any.

3.     The defendant Mr. Hui promised that he would answer and produce all the documents the plaintiff required for Tipsy Shanghai, N Corporation and himself since he told me that he was the corporate representative of N Corporation and Tipsy Shanghai. However, the review of the record of his discovery only showed that the defendant Hui only produced documents regarding Tipsy Shanghai and himself.  Nowhere could I find any corporate documents regarding N Corporation. But he kept telling me that he had produced all the documents he had then and he would continue to ask the architect and accountant to produce all the documents regarding the building landmark status and N Corporation.

4.     At that time, I did not have any contact information about N Corporation and who was in charge for the N Corporation. I have tried to contact the landlord N Corporation since then by repeatedly asking the defendant Mr. Hui to have the landlord called me and provide me with all the documents requested by the plaintiff if he could not express himself clearly in English. I repeated told him that the only documents the defendants produced so far were the documents of the defendant Tipsy Shanghai and Mr. Hui, and there were no documents of N Corporation.

5.     After my repeated requests and urges, the defendant Mr. Hui finally told me that the landlord would call me next Monday. Unfortunately, the next Monday kept coming and passed, and no calls from the defendant landlord ever came until sometime on May 26, 2020.  As I stated in the previous court hearing, one girl named Kathy Wang called me by saying that she was the corporate representative of the landlord, and that she was not fully familiar with the litigation situation, and she could not tell me anything about what the landlord N Corporation stands for

then, other than saying that it is a Japanese company. The only reason she called me was because her boss told her that the tenant did not speak English. She said she was hired specifically to deal with the Chinese speaking tenant. I told her that I could speak English and I need to talk to her boss about this case if she could not make any decision. Then she said that somebody else would call me and asked me to send email regarding all the corporate documents needed to be produced for N Corporation and she would forward the email to her boss. Later Mr. Crable called me by saying that he was the manager of the subject premises. Your honor even specifically asked the manager's name and took notes of it as I spelt out the name for your honor at the hearing.

6. I sent an email enumerated all the questions and documents required by the plaintiff's attorney for discovery including Mr. Finkelstein's letter of Deficiency Mr. Crable on May 26, 2020. I received some corporate documents forwarded by Mr. Hui on or about May 28, 2020, which was produced by Mr. William Crable, the manager of N Corporation. I filed an Supplementary Answer for discovery on or about June 1, 2020 by producing N Corp Federal Tax Return of 2019 and 2018 respectively; N Corp Financial Statements of 2019 and 2019 respectively; and N Corp Certificate of Authority.

7. According to the instruction directed at hearing by your honor on June 3, 2020, I reached out again to the manager of defendant N Corp, Mr. William Crable and the attorney representing N Corp, Mr. Edward Bullard, Jr., both by phone and email to discuss my legal representation of N Corp a couple of times in this matter. As suggested by Mr. Crable and Mr. Bullard, I sent them my retainer to them for Mr. Crable signature on June 8, 2020. Mr. Bullard replied and suggested me to revise the retainer agreement on June 8, 2020. I did so accordingly and sent them the revised one again on the same date. However, Mr. Bullard stated that N Corp would not pay any legal fee and expense in this matter and the tenant would be responsible for all the ADA

litigation cases. In addition, to date I have not received the signed retainer agreement from them, neither did I hear anything from them also I sent email to them in the morning on June 17, 2020 again and I have heard nothing from them either.

8. One more important factor in the present case is that I am running an inherent risk of conflict of interests in representing both the landlord and the tenant in the present case. The facts in the instant case and my past experience indicate that there is inherent conflict of interests in representing both the landlord and then tenant since their interests diverge if the legal representation is not bifurcated properly. Therefore, this conflict of interests will also prevent me from representing both parties.

9. The meeting I had with Mr. Hui on June 20, 2020 showed that I and my firm could no longer represent three defendants as the defendant Hui insisted. Almost as important is the fact that N Corp has designated another attorney to represent itself. Due to the fundamentally different approach and the breakdown of the communication between the defendants and me, I could not represent them anymore; neither does Mr. Hui want me to represent him and other defendants as well. Mr. Hui asked me to refund all the legal fees and expenses totaling $5,000.00. I did so accordingly and he signed his consent to relieve me as the defendants' attorney in this matter on or about June 20, 2020. Exhibit 1.

10. The facts in the present case showed that it is the defendant N Corporation who acted in bad faith. It is the defendant N Corporation who took advantage of the defendant Tipsy Shanghai and Mr. Hui by exploiting his poor command of English and his lack of understanding of the U.S. juridical system because he is a new immigrant who does not understand English well. Not only did the defendant N Corporation first hid behind the defendant Tipsy Shanghai by not answering interrogatory questions and produced documents as required by the plaintiff, but it also made

another defendant Mr. Hui to mislead his two prior attorneys to allegedly represent it while avoiding taking any legal responsibility for this ADA litigation. Therefore, it is the defendant N Corporation who misrepresented the material facts to the court in this subject ligation matter.

11.     As a court officer, I have no reason and motive to act in bad faith to frustrate the court administration of the subject matter, especially given that fact that I refunded and returned all the payments made by the defendant Mr. Hui in this subject litigation matter. I have complied with all the discovery requests made by the plaintiff and the related court order in good faith by answering interrogatory and producing documents I received from the defendants. I attended every hearing, answered all questions and produced all documents according to the court order, instructions and schedules. I have never acted in bad faith to frustrate the court orders and the discovery requests of the plaintiff.  The timeline of this litigation case was set by the court, and moved according to the court scheduling order. Therefore, there is no delay, if any, in this case that was caused by me.

12.     The fact of my withdrawal from legal representation of this matter itself has demonstrated my integrity and good faith in my legal practice when there is a fundamental breakdown of the communication and the loss of trust between the attorney-client relationships. Given the fact that I spent the tremendous amount of the time by writing motions, answering interrogatories and attending the court hearings without even receiving one penny, I believe that the court could arrive at a fair conclusion that I acted in good faith throughout the entire course in my brief legal representation of this matter, and there has never been any misrepresentation made by me in bad faith regarding my representation of the defendant N Corporation. Quite the contrary, it is the defendants who misled the court. As a matter of fact, I am the victim of the defendants' refusal to cooperate in this entire proceeding who caused the delay, if any.

13. Therefore, it is respectfully requested that the court deny plaintiff attorney's application to impose sanctions upon me and/or my firm in this matter because I have never acted in bad faith whatsoever in this litigation. The real sanction should, if any, be imposed upon the defendants themselves because they acted in bad faith.

Dated:  New York, New York
        September 8, 2020.

> Yours,
> /s/Oliver Zhou, Esq
> Law Offices of Oliver Zhou
> Former Attorney for Defendants Tipsy Shanghai, et al100 Bowery, Suite 300
> New York, NY 10013
> Tel: (212) 226-9442
> Email: Ozhoulaw888@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DINO ANTOLINI,                                              Hon. Katherine Polk Failla

                  Plaintiff,

     -against-                                         Case No. 1:19-cv-7385
                                                            **AFFIRMATION OF**
N CORPORATION, NICHOLAS S. PRITZKER,                        **SERVICE**
SHIYANG HUI and TIPSY SHANGHAI
RESTAURANT MANAGEMENT INC.,

                 Defendants.
-----------------------------------------------------------------X

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. mail, the 8th day of September, 2020 to Stuart H. Finkelstein, Esq. FINKELSTEIN LAW GROUP, PLLC, 338 Jericho Turnpike, Syosset, New York 11791 and Law Offices of Fred L. Seeman, 32 Broadway, Suite 1214, New York, NY 10004, the address designated for that purpose by depositing true copy of same enclosed in one postage paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within New York State and his email finkelsteinlawgroup@gmail.com and SF@Finkelsteinlawgroup.com, Fred@seemanlaw.com and Peter@seemanlaw.com.

                                     By:  /s/Oliver Zhou_____
                                     Oliver Zhou, Esq.
                                     Law Offices of Oliver Zhou
                                     Attorney for the Defendants,
                                     100 Bowery, Suite 300
                                     New York, NY 10013
                                     T: (212) 226-9442 (O)
                                     Email: ozhoulaw888@gmail.com

Dated: September 8, 2020.