**MEMO ENDORSED**

STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

September 15th, 2020

The Honorable Katherine Polk Failla
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square - Courtroom 618
New York, New York 10007

> Re: Antolin vs. N Corporation et al
> Case No.: 1:19-cv-07385 KPF
> Rule 37 Pre-Motion Letter to Strike Pleadings

Dear Judge Failla,

I represent Plaintiff Mr. Antolini in this pending lawsuit. I am receipt of Mr. Kirwin, Esq. letter of September 11, 2020 in response to mine of September 3, 2020 [DE72]. Hoping for the best as a result of the change in lawyers, I was mistaken.

Your affiant and defense counsel held their meet and confer today's date and it was unproductive.

As reflected in my letter of September 2, 2020 to the Court, supra, Plaintiff served his discovery Requests on September 14, 2019. For the following twelve months they never changed and remain outstanding. Mr. Kirwin, Esq., who has been practicing for more than twenty-five years, employs newly manufactured, dishonest defenses that is worse than splitting hairs, as this is just pulling them out.

He now claims that my letter to him of August 13, 2020 absolved defendants of responding to Plaintiff's outstanding discovery request for Production of Documents that have gone unanswered for a year. Instead, he unilaterally fillets our Requests. To remind the Court, Plaintiff's Request was *"All documents evidencing the number of employees or independent contractors utilized by defendants during the last three years, including documents showing each person's name and address and time of employment (including, but not limited to, unemployment tax returns, employee/independent contractor ledgers or payroll/account payable records)"*.

In his response to your Honor in his letter of September 11, 2020, [DE 77] he presents an untruth by claiming: `"The August 13, 2020 correspondence seeks financial records for part time employees. The Defendants objected to this demand inasmuch the request is vague and not relevant to the financial resources of the Defendant, Tipsy Shanghai Restaurant Management, Inc.("Tipsy")`. As if altering Plaintiff's Request is not heinous enough, his objection is a complete and utter false representation of the law in the Second Circuit pertaining to the financials status of a subject facility and has been made part of

-1-

the record in this lawsuit. As the violations are substantial at this restaurant to make it ADA compliant, we anticipate defendants will seek to make money the issue. In yesterday's conversation *and for the first time*, he claims he doesn't know what I want regarding employees/independent contractors and the like, supra, even though it looks pretty darn clear to us and shows quite plainly the previous disingenuous answers and positions he has taken.

Even their claim that they have furnished cash receipts and cash disbursements is a falsehood as we have not received that as well. In any event he won't furnish them to us as he now claims, again for the first time, that receipts like this "went out more than twenty years ago".

Defense counsel goes on in his letter attempting to buttress his already untruthfulness with his self-serving and made up supposition by declaring: "This alleged deficiency was *apparently* rejected by the Court as evidenced by the June 3, 2020 minute Entry directing the Defendants to respond to certain interrogatories and scheduling the deposition of Mr. Hui." To be clear, docket entry number 50 (Minute Entry for proceedings held before Judge Katherine Polk Failla: Pretrial Conference held on 6/3/2020) says no such thing. I can assure your Honor that if there was any truth to what the defendants are claiming, they surely would have attached the transcript. Your Honor, the only thing apparent here is the ongoing deceitful behavior of the defendants and is ever present. I say enough is enough of all of this.

Moreover, and quite troubling, is the defendants having responded months ago to Plaintiff's interrogatory "Please state the gross and net income of any parent companies or entities for each year from 2013 to present". They declared there is none. However, in a tax document provided by Mr. Kirwin, Esq., there appears to be a parent and/or additional company involved with the Subject Facility financially, as it indicates payments in connection with the defendants. When I asked defense counsel, he said he knew nothing about and I asked when will he get back to me. He said after he speaks with his clients and I asked when will that be and he said he didn't know, and said nothing else.

Plaintiff and your affiant desire to get off of defendants' continuing merry-go-round that they seem intent on riding in perpetuity. Defendants continue to be in violation of your multiple Orders and as such Rule 37(b)(2)(A), (C) of the Federal Rules of Civil Procedure states:

"(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)-fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv)  staying further proceedings until the order is obeyed;
(v)   dismissing the action or proceeding in whole or in part;
(vi)  rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination....

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Therefore, respectfully, Plaintiff seeks the Court's consent to make his motion pursuant to Rule 37 seeking his remedies available at law including, but not limited to the striking of the defendants' pleadings in whole.

Thanking the Court for your time, I remain,

Very truly yours,

Stuart H. Finkelstein

The Court is in receipt of the parties' recent submissions regarding Defendants' purported noncompliance with the Court's discovery orders. (Dkt. #77, 78). To resolve these outstanding issues, the parties are hereby ORDERED to appear for a conference on September 30, 2020, at 4:00 p.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

In advance of the conference, Plaintiff is ORDERED to prepare a list, *in haec verba*, of every discovery request that remains to be resolved. Plaintiff shall file this list on or by September 22, 2020, so that the Court and Defendant may review the list in advance of the conference. At the September 30, 2020 conference, the Court will review each and every open discovery request in detail with the parties. Nothing in this Order is meant to prevent or discourage the parties from meeting, conferring, and resolving these open discovery issues. But given the irreconcilable representations as to the status of discovery made by counsel, the Court requires the parties come to Court and to go over the outstanding discovery requests in this detailed manner.

Dated:   September 16, 2020
         New York, New York

SHF/tc
To all counsel of record via Pacer

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE