# STUART H. FINKELSTEIN

*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

December 18th, 2020

The Honorable Katherine Polk Failla
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square - Courtroom 618
New York, New York 10007

                         Re: Antolin vs. N Corporation et al
                         Case No.: 1:19-cv-07385 KPF

Dear Judge Failla,

I represent Plaintiff Dino Antolini and pursuant to your Individual Rules of Practice Rule 2. C., Plaintiff seeks to dismiss some of the state claims and proceed to a bench trial as soon as the Court's schedule permits.

I have conferred with the defendants' present-day lawyer over a period of two weeks regarding same and he has not agreed to stipulate on this issue. However, our research shows that 1) defendants' 'permission' is not required for Plaintiff to discontinue his own state law claims and proceed to a bench trial and 2) because state law claim dismissal will only work to expedite this case in the most efficient way possible during this pandemic, so that we can proceed to a bench trial forthwith and to begin remediation at this facility.

Fed. R. Civ. P. 38(d) states that "A proper [jury] demand may be withdrawn only if the parties' consent." However, a right of jury is void and neither the party seeking that relief nor the party opposing it is entitled to a jury trial if only relief sought is equitable, such as an injunction or specific performance (a type of affirmative injunction). In re Currency Conversion Fee Antitrust Litigation, 2009 WL 1511 (S.D.N.Y. Jan. 21, 2009) quoting United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); Kramer v. Banc of America Securities, LLC, 355 F.3d 961 (7th Cir. 2004); Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 374–75, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); Design Strategy Inc. v. Davis, 469 F.3d 284, 299 (2d Cir. 2006); 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2308, pp. 79–80, § 2309, p. 85 (2d ed.1995); cf. Spinelli v. Gaughan, 12 F.3d 853 (9th Cir. 1993). A suit seeking only equitable relief is not a suit at common law, regardless of the nature of the issues likely or even certain to arise in the case, Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n, 430 U.S. 442, 459, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977); City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 726 n. 1, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

In Kramer v. Banc of America Securities, LLC, 355 F.3d 961 (7th Cir. 2004), a terminated employee brought suit against former employer, alleging retaliatory discharge in violation of the Americans with Disabilities Act (ADA). The Plaintiff filed a second amended complaint in which she dropped the state law claims that were originally brought. Once this was done, the defendant

employer sought to strike the Plaintiff's jury trial demand. The district court determined that the Plaintiff did not have standing to recover monetary damages once the state law claims dropped out which then meant that there was no 7th amendment right to a jury trial because the federal cause of action was limited to equitable relief. "Because Kramer was not entitled to recover compensatory and punitive damages, she has no statutory or constitutional right to a jury trial" There is no right to a jury where the only remedies sought (or available) are equitable. See, e.g., Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 648 (7th Cir. 2002) ("If the only relief sought is equitable ... neither the party seeking that relief nor the party opposing it is entitled to a jury trial").

The law is actually even more clear here because under Title III, the section of the ADA prohibiting discrimination in public accommodations, private plaintiffs may not obtain monetary damages when no state law claim is attached; Preventive relief, including an injunction or restraining order, is the only remedy. 42 U.S.C. § 12188(a)(1) (providing that "the remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter;" 42 U.S.C. § 2000a–3(a) describes preventive/injunctive relief). This is explained clearly in Spychalsky v. Sullivan, 2003 WL 22071602 (E.D.N.Y. Aug. 29, 2003): "The remedies available under Title III are those that are available under 42 U.S.C. § 2000(a)(3)(a).... damages are unavailable to private plaintiffs. See Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 401–402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)." See, e.g., Zona v. Clark University, 436 F.Supp.2d 287 (D. Mass. 2006) (Only injunctive relief, not monetary damages, are available as remedy for violation of Title III of the federal ADA action); Johnson v. Guedoir, 218 F.Supp.3d 1096 (E.D. Cal. 2016) (only accompanying State Law claim entitles Plaintiff to monetary damages in a Title III action); Devlin v. Hammontree, 561 F.Supp.2d 118, 119 (D. Me.2008) (holding that money damages are unavailable to private plaintiffs under the public accommodations section of the ADA when federal claim is sole cause of action); Cole v. National Collegiate Athletic Ass'n, 120 F.Supp.2d 1060 (N.D.Ga.2000), (Money damages are not available under public accommodations provision of ADA); See also 42 U.S.C. § 12188(a)(2) ("Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a 'person who is being subjected to discrimination."); 135 Cong. Rec. 19,855 (1989) (remarks of Senator Harkin, chief Senate sponsor of the ADA) ("Title III ... expressly limits relief to equitable remedies"). Presently, once Plaintiff's state law claims are no longer in the case, the only relief sought will be of an equitable nature which will negate any right to a jury trial and allow a bench trial to go forward.

Wherefore, Plaintiff requests that your Honor allow the embedded New York City Human Rights and New York State Human rights law violations be dismissed so that this case may proceed to a bench trial. COVID-19 has clogged the entire judicial system and there is no reason to not have this case proceed as expeditiously as possible if we can make it so. This is Plaintiff's case and he may proceed with claims he so chooses.

Most respectfully, I remain,

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To all counsel of record via Pacer