# STUART H. FINKELSTEIN

*Attorney at Law*

338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

February 2, 2021

The Honorable Katherine Polk Failla
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square - Courtroom 618
New York, New York 10007

                         Re: Antolin vs. N Corporation et al
                         Case No.: 1:19-cv-07385 KPF

Dear Judge Failla,

I represent Plaintiff Mr. Antolini and write to you in accordance with your Individual Rules of Practice in Civil Cases 4(A). We are requesting a pre-motion conference to file our Rule 11 Motion along with our Rule 37 Motion to strike the answer of defendants. This pre-letter motion is not on consent of defendants.

F.R.C.P 11 states in relevant part as follows:

(a)    Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b)    Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 37(b}(2)(A), (C} of the Federal Rules of Civil Procedure states in relevant part as

STUART H. FINKELSTEIN, ESQ.

follows: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)    striking pleadings in whole or in part;
(iv)    staying further proceedings until the order is obeyed;
(v)     dismissing the action or proceeding in whole or in part;
(vi)    rendering a default judgment against the disobedient party; or
(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination....

From the moment this lawsuit was filed defendants have represented and submitted false claims to the Court and your affiant. They have maintained for over a year and a half that no alterations and/or modifications have been made to the subject facility. This is very significant as it radically determines the repairs to be made to bring the facility into ADA compliance. The 'Readily achievable' standard requires taking certain limited steps to improve access to individuals with disabilities, including the obligation to remove architectural barriers when it is readily achievable to do so; in other words, when barrier removal is "easily accomplishable and able to be carried out without much difficulty or expense." See 42 U.S.C. § 12183; Borkowski v. Valley Central School District, 63 F. 3d 131 (2d Cir. 1995); Roberts v. Royal Atlantic Corp., 542 F. 3d 363 (2d Cir. 2008); Kreisler v. Second Ave. Diner Corp., 2012 WL 3961304 (S.D.N.Y. Sep. 11, 2012) (aff'd 731 F.3d 184 (2d Cir. 2013)).

In contrast, the 'Maximum Extent Feasible Standard' demands that any "alterations" made to a facility since 1992 must be made in full compliance with the ADA standards, to the maximum extent feasible. See 42 U.S.C. § 12183; 28 C.F.R. § 36.402; Rosa v. 600 Broadway Partners, LLC, 175 F. Supp.3d 191, 206 (S.D.N.Y. 2016). The ADA does not expressly define the term "alteration;" however, the DOJ defines "alteration" to mean any change to an existing building that affects or could affect the usability of a facility or any part thereof. Alteration includes remodeling, renovation, rearrangements in structural parts, and changes or rearrangements of walls and full-height partitions or making other changes that affect (or could affect) the usability of the facility. This standard mandates a much greater level of compliance with the ADA as compared to 'readily achievable'.

As early as October of 2019 defendants responded to Plaintiff's Discovery Requests that no alterations, repairs and/or modifications had been made since their acquisition (purportedly 2017) of the Facility. The two previous firms remained steadfast in their representations and submissions up until they were discharged. Now on their third law firm and your affiant having received *their very own* expert's report, the defendants mendacious submissions and representations have been exposed.

The report indicates: "Per the alteration type 2 application signed off on July 24, 2019 under DOB job #123188175, modifications were made to the existing bathroom facilities along with a general interior *renovation of the restaurant space*. Pending retrieval of the approved plans from the Building Department, it is understood that the perimeter of the bathrooms and their locations were not modified.

**STUART H. FINKELSTEIN, ESQ.**

However, the application materials show that one urinal and one toilet were replaced and relocated, with two toilets and two lavatory sinks being replaced in kind. The value of alterations noted in this application is $260,000.00 which does not exceed 50% of the value of the building". Of substantial impact is that all of the aforementioned remains in violation of the ADA, among all the other important violations.

Shockingly revealing is that the <u>report indicates what need be done to make the bathrooms compliant even after this material alteration!</u>  The report is dated December 21, 2020, a year and a half after the filing of this lawsuit.

There exist other discrepancies in the report vis a vis their ongoing representations to the Court which will be discussed in Plaintiff's anticipated Motion.

Respectfully, Plaintiff seeks the Court's consent to make his motion pursuant to Rule 37 and Rule 11 seeking his remedies available at law including, but not limited to the striking of the defendants' pleadings in whole.

I thank the Court for its consideration.

Very truly yours,

Stuart H. Finkelstein