# STUART H. FINKELSTEIN

*Attorney at Law*

338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

March 5th, 2021

Peter Kirwin, Esq.
32 Broadway, room 1214
New York, New York 10004

Re: Antolini vs. N Corp, et al

Dear Mr. Kirwin:

Further to Judge Failla's Order Plaintiff submits the following regarding the purported remediation set forth by defendants to the Subject Facility. Indicated during the conference with the Court on February 19th, 2021 the repairs/alterations need be done to the maximum extent feasible as opposed to the plans presented by defendants which are to the readily achievable standard.

Because the drawings are not really clear, we will do our best to speak to them. It was our understanding your office would send us hard copies but to date we have not received them.

In regard to the handicap lift at the entrance to the restaurant, the proposed new door is 7" off the interior floor with a ramp and in addition no landing simply does not work. Mr. Antolini, or any other person wheelchair bound cannot open the door which when they are on the ramp; the wheelchair would slip backward. There need be a landing in front of the new door with an 18" clear space on the left-hand side to be able to open the door. We are aware of the different agencies to submit plans and will require copies of each and every stamped document by the respective agency in connection with *all* of the work to be done. Further, we will require said documentation via email within 5 (five) days of their time stamp.

The existing restroom on the north side is off by approximately 1-1/2" and need be in compliance with the ADA Code. The portable ramp into the vestibule of the restrooms need be a permanent one as there is more than ample room to do so. Moreover, the ramp needs to be, at the minimum, 90 (ninety) inches.

We will require the following to be provided:

1.    Scope(s) of work prepared for the facility pursuant to the Complaint and to the maximum extent feasible, which is the subject of the instant lawsuit as are the following;
2.    Proposal(s) of work to be performed in furtherance of ADA compliance;
3.    Any and all Surveys conducted in accordance with the remedial measures to be made to the facility pursuant to the maximum extent feasible standard, and as you are aware, not what has already submitted by defendants.

4. List of names of contractor(s) along with their New York Contractor's license who have or will perform the work;

5. Resumes/CVs' of contractor(s) who will perform the work;

6. Any and all architecture plans pertaining to ADA compliance at the facility in accordance to the maximum extent feasible standard.

7. Any and all permits submitted to local city, county, state & federal authorities for ADA compliance at said facility; records of all communications to and from any authority on the status of ADA compliance.

8. Names and address of any/all ADA experts who were/are involved at the facility for ADA compliance other than those already submitted.

9. Copies of any and all contracts let in the performance of the ADA work at the facility;

10. Copies of any and all invoices reflecting payment in the furtherance of the facility complying with the ADA;

11. Copies of any and all cancelled checks reflecting payment in the furtherance ADA compliance at the facility;

We thank you for your anticipated cooperation.

Very truly yours,

Stuart H. Finkelstein

SHF/tc