# STUART H. FINKELSTEIN
*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

September 15, 2021

The Honorable Katherine Polk Failla
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square - Courtroom 618
New York, New York 10007



Re: Antolin vs. N Corporation et al
Case No.: 1:19-cv-07385 KPF

Dear Judge Failla,

I represent Mr. Antolini in the above referenced and I write with an application to present to the Court Plaintiff's Motion *in limine* to preclude defendants from using in any way the testimony taken of Dino Antolini in an entirely different lawsuit. *See* Dkt. No. 109 (where Defendants contend that they seek to introduce an outside deposition transcript of Plaintiff from a wholly separate matter). Plaintiff is aware of the Court's Individual Rules of Practice 7(B)(i) requiring that any motion made *in limine* be presented with the parties' pre-trial filings. However, there are four reasons that the Court should permit Plaintiff's motion to be filed.

First, this application comes after the court's deadline because Plaintiff did not know that defendants were going to seek to use an outside deposition transcript until he saw Defendants Pretrial filings. Thereafter, the parties discussed Plaintiff's opposition to the inclusion of such outside submissions and defendants did not agree to drop their contention that they would seek to introduce such evidence. Plaintiff should not bear the brunt of Defendants' unilaterally imposed prejudice by attempting to <u>introduce materials not a part of this record</u>. "[T]he purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain **forecasted evidence**, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Management, L.P. v. Schneider*, 551 F.Supp.2d 173, 176 (S.D.N.Y. 2008). Nothing about Defendant's midnight filing was "forecasted" as part of a wholly different record and without notice given, and Plaintiff should be allowed the opportunity to properly oppose same. Notably and fortunately, the hour is not so late that the Court need hesitate in granting Plaintiff's application. The pre-trial conference in this case has not yet been held and the trial is still weeks away. Plaintiff would of course consent to the Defendants being granted the appropriate time to oppose the motion as well. *See* Failla J. Individual Rule 7(B)(i) (allowing seven days to oppose motion *in limine*

STUART H. FINKELSTEIN, ESQ.

and subsequent four days for any reply).

Secondly, the deposition transcript will not actually aid the factfinder in any determination of the issues at trial. The <u>subject facility in this case is **228 Thompson Street**, and, **228 Thompson Street** was not the subject of any questioning whatsoever</u>. Defendants' counsel, in their zeal to impugn Plaintiff's character has apparently thrown due diligence to the wind. The address of the subject facility of this lawsuit is ***not* 222 Thompson Street**… **It is 228 Thompson Street**. As such, there is no probative value of questions and answers concerning "222 Thompson" because it does not make more or less true whether Plaintiff visited Tipsy Shanghai at 228 Thompson Street.[1] *See* Fed. R. Evid. 401.

To allow the introduction of the deposition transcript would misleadingly confuse the factfinder on the issues of site visitation. It would not actually help resolve any pertinent issue either as Defendants have already repeatedly admitted liability under the ADA regarding the readily achievable medications that can be made to the subject facility. *See Ali v. Police Officer William Connick*, 2016 WL 3080799 (E.D.N.Y. May 31, 2006) (where court expressed doubt and reservation that an outside deposition of the plaintiff from a separate case would be admissible at trial but reserved final judgment on the issue until the time of trial). Plaintiff requests that he be allowed to move this court on these very real issues.

Finally, and maybe most importantly, <u>Defendants did not take Plaintiff's deposition</u>. They unilaterally and completely forfeited their right to take Plaintiff's deposition as the time to do has long come and gone. *See Gotlin ex rel. County of Richmond v. Lederman*, 2010 WL 1779984 at *3 (E.D.N.Y. May 3, 2010) ("[T]he Court rules that plaintiffs' counsel, who failed to notice or even request the depositions of the defense experts, has waived plaintiffs' right to take those depositions, which were supposed to conclude by 6/19/08."). The prejudice that would result from defendants being allowed to introduce the transcript would be extremely high. This is especially true given the fact that the outside deposition in question is currently the subject of ongoing motion practice for sanctions against the defendant lawyers for their sordid and abusive tactics in taking the deposition.

Wherefore, Plaintiff respectfully requests that he be allowed to move this court *in limine* to preclude the evidence in question. Plaintiff readily consents to any time the Court sees fit to allow Defendants to oppose the motion. Plaintiff and his counsel thank the Court for its attention to this matter and for its help in resolving same.

Thanking you in advance, I remain,

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To all via ECF

---

[1] In their pre-trial filings, Defendants claim that they seek to use the deposition transcript to attack Plaintiff's standing in terms of his site visit and intent to return. *See* Dkt. No. 109 at 2.

Application DENIED. Plaintiff's counsel has adequately outlined his objections to Defendants' intended use of Plaintiff's deposition transcript from another matter. The Court needs no further motion practice on this issue. However, if Defendants wish to be heard on this evidentiary matter prior to trial, they may respond by **September 20, 2021.**

| | |
|---|---|
| Date:    September 16, 2021<br>         New York, New York | SO ORDERED.<br><br>*Katherine Polk Failla*<br><br>HON. KATHERINE POLK FAILLA<br>UNITED STATES DISTRICT JUDGE |